### COLLINS *et al. v.* GILSON.

1. **Trust:** PROMISSORY NOTE: DESCENT. Promissory notes were executed to one as guardian of a minor. The guardian and ward having both died, the heirs of the ward claimed to be entitled to the notes, or their proceeds, by inheritance. *Held,* that it was competent for those contesting this right to show that the notes were not the absolute property of the ward, that they were not executed with the purpose of vesting the title to them in her, but with the purpose, only, and as a means or contrivance, of securing a trust fund for her support after her arrival of age ; and that she having died prior thereto no present interest vested in her

2. —— PAROL EVIDENCE. The trust in such a case being one of personalty, may be established by parol evidence.

*Appeal from General Term, Eighth District (Jones County).*

### SATURDAY, JUNE 11.

THE petition sets out the following facts : The brother of plaintiffs, Thomas Fitzpatrick, died in the year 1853, leaving a widow, Margaret, and an only child, Maria, a minor. On the 13th day of January, 1855, Hezekiah Winchell executed and delivered to Margaret, as the guardian of Maria, a promissory note for $1,000, due September 1, 1866, without interest. On the 17th day of January, 1855, James Lillis also executed and delivered to Margaret, as guardian of her said child, a note for $300, due on the same day as the other note, without interest. Both of these notes were secured by mortgages upon real estate. Margaret and said Winchell intermarried in 1856, and on the second day of January, 1857, two children, John W. and Susan A., the fruits of this marriage, were born, and, during the same year, Margaret died. Maria died in 1868, leaving neither hus-

band nor child, never having been married. In July, 1864, Winchell died. Defendant is the guardian of John W. and Susan A., the children of Margaret and Winchell, and has collected the amount of said notes, and claims to hold the proceeds for and on account of his wards. The plaintiffs are the only heirs of Thomas Fitzpatrick, and claim to recover from defendant the amount he has collected upon the said notes.

The answer admits the foregoing facts averred in the petition, and further avers that defendant holds the money collected on the notes as guardian of said minor heirs of Winchell, to which he contends they are legally entitled, and denies that plaintiff are entitled to any part thereof. As an equitable defence to the action, the answer sets up the following facts :   The $1,000 note was executed by Winchell to Margaret as guardian of Maria, in view and consideration of the marriage of the parties, for the purpose of securing the support and maintenance of Maria, who was a feeble, half idiotic child. The note was only intended as a trust provision, and it never was designed or expected that the note should be paid to Maria before her arrival at the age of twenty-one years, nor to her heirs or representative, in case of her death, before that age. Nor was it intended that it should be paid to her after her arrival of age, except in case it should be necessary for her support. After the marriage of Winchell with her mother, he took Maria to his home and supported her for some years, up to her death. Such support was worth more than $1,000. The $300 note was executed for money belonging to Margaret, loaned at the date thereof : was made payable to her, as guardian of Maria, for the purpose of securing to her child a support, in view of the fact that she was about to enter into a marriage with said Winchell. It was not intended that the note should be absolutely the property of Maria, but it was only intended

Collins v. Gilson.

that, in case she should need the sum for her support, it should be so used after she arrived at the age of twenty-one years. It is alleged, substantially, that the notes were contrivances for the purposes of securing a trust fund to be used for the support of Maria after her arrival at the age of twenty-one years, which would be on the day the notes fell due, and for no other purpose. Defendant claims, that, as the object of this trust fund has ceased to exist, it belongs to her wards, who are the only heirs of Margaret and Winchell.

On motion of plaintiff the parts of the answer setting up the defence, as above stated, were stricken out as irrelevant. Defendant refusing to answer further, judgment was rendered for plaintiffs. On appeal to the general term the judgment of the district court was affirmed. Defendant appeals to this court.

*J. M. King* for the appellant.

*J. L. Sheean* and *John McCarn* for the appellees.

BECK, J.—The motion to strike was improperly sustained by the court. In our opinion, the matters pleaded
1. TRUST: promissory notes: descent. which were stricken out of the answer, are proper defences to the action. The answer avers sufficiently that the notes and mortgages given to the mother as guardian of her daughter were but contrivances to secure a trust fund for her support after her arrival at the age of twenty-one years, and with no purpose of vesting in her the title to the notes and mortgages, nor the money which they are given to secure. Most certainly, if it could be shown by proper evidence that such was the design upon the death of the *cestui que trust*, who was only to receive the money, or the notes and mortgage at a certain age, the property would not vest in her heirs or representatives. If it was a trust

fund to be used for her benefit at and after a certain age. and no present interest vested in her prior to her death, it is quite clear her heirs can have no interest in it. This seems to be the defence quite clearly set up in the answer.

It is no objection to this view that nothing of this arrangement, so far as is shown, appears in the notes,

2. ——parol evidence. and that there is no averment of the existence of a writing setting it out. In the first place, the evidence to support the defence, should it even exist in parol, need not necessarily contradict or vary the notes. It would simply explain what interest the payee held in them, and how and to whom the money secured should be applied. This we think may be done without any violation of the rules of evidence. In the second place, this is a trust of personalty, it is not obnoxious to the statute of frauds, and may be supported upon parol evidence. *Lord* v. *Lowry*, 1 Bailey Ch. 510.

We do not pass upon the question as to the right of defendant's wards to the property, to the exclusion of plaintiffs, without any showing of the existence of a trust or other equity, under the construction of Revision, sections 2495–2498, contended for by defendant's counsel. We deem it better to give no expression to them now.

Reversed.